IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICK KASSEBAUM, ) | |
| ) | |
| Plaintiff, ) | 8:07CV72 |
| ) | |
| vs. ) | ORDER |
| ) | |
| BAUSCH & LOMB, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's Request for Location of Trial (Filing No. 6) from Omaha to Lincoln, Nebraska. Pursuant to NECivR 40.1, the plaintiff's request is timely and the plaintiff filed a supporting affidavit for the change. **See** Filing No. 6, Exhibit 1. The defendant did not file any opposition to the plaintiff's request.

## BACKGROUND

According to the allegations in the complaint, the plaintiff developed "a fungal eye infection and an ulcerated cornea in his left eye" as a result of his use of a contract lens solution manufactured by the defendant. The plaintiff filed his complaint in the District Court of Lancaster County, Nebraska. On February 15, 2007, the defendant removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. On the same date, the defendant filed a Notice of Request for Location of Trial. **See** Filing No. 3. The defendant requested trial to be in Omaha, Nebraska. *Id.* On February 20, 2007, the plaintiff filed a request for the place of trial to be changed to Lincoln, Nebraska. **See** Filing No. 6.

The plaintiff currently resides in Seward County, Nebraska and works in Lancaster County, Nebraska. **See** Filing No. 6, Exhibit 1 ¶ 2. The defendant is a New York corporation with its principal place of business in New York. **See** Filing No. 1 ¶ 3(b). The attorneys who have made appearances for the plaintiff and the defendant have offices in Lincoln, Nebraska, and Omaha, Nebraska, respectively.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte.  Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte.  If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel."  NECivR 40.1(b)(2).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a).  Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  ***Id.***  Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of

interests weighs in favor of the movant. **BASF Corp. v. Symington**, 50 F.3d 555, 557 (8th Cir. 1994); **Gen. Comm. of Adjustment v. Burlington N.R.R.**, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. **Nelson**, 747 F. Supp. at 535 (**citing Van Dusen v. Barrack**, 376 U.S. 612, 646 (1964)); **General Comm.**, 895 F. Supp. at 252; **see also Ferens v. John Deere Co.**, 494 U.S. 516, 522-23 (1990).

The plaintiff states he is likely to call his eye doctor, Dean R. Forgey, M.D., as a witness in this case. **See** Filing No. 6, Exhibit 1 ¶ 4. Dr. Forgey resides and does business in Lincoln, Nebraska. *Id.* ¶ 5. The plaintiff also anticipates witnesses who are medical personnel from BryanLGH Medical Center, which is located in Lincoln, Nebraska and where the plaintiff was initially treated for his injury. *Id.* ¶¶ 6-8. The plaintiff also anticipates other witnesses for trial may include his family and friends who live in or around Lincoln, Nebraska. *Id.* ¶ 9.

The convenience of the plaintiff, his counsel and the majority of witnesses, on the basis of the affidavits before the court, appears to favor Lincoln. The relative convenience of trial in Lincoln outweighs the convenience to the defendant of having trial in Omaha. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be Lincoln, Nebraska. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Request for Location of Trial (Filing No. 6) is granted.
2. The Clerk of Court shall reassign this matter on a random basis to one of the participating judges from the docket for which this case would be assigned if it had originally been filed in Lincoln, Nebraska, in accordance with NEGenR 1.4(a)(2) and (3).
3. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is Lincoln, Nebraska.

DATED this 12th day of March, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge